Abb JOHNSON *v*. The EUDORA BANK
and Myrtle HANDIE

74-188                                   517 S.W. 2d 957

Opinion delivered January 20, 1975

*Dickey, Dickey & Drake, Ltd.,* for appellant.

*W. K. Grubbs Sr.* and *Holloway and Haddock,* for appellees.

Conley Byrd, Justice. This action was commenced by appellant Abb Johnson pursuant to Ark. Stat. Ann. § 85-4-

301 et seq. (Add. 1961), to recover from appellee Eudora Bank (hereinafter referred to as "Bank") upon a $2,500 check executed by appellee Myrtle Handie to Johnson. The check had been sent through the Commercial Bank and Trust Company in Monticello on or about March 17, 1972, and the Eudora Bank had held the check as a cash item until September 29, 1972, when it stopped payment at the request of Handie. The "Bank" admitted that Handie had executed the check but denied that the check was deposited in Johnson's account or that the "Bank" had improperly dishonored the check. In addition the "Bank" by way of cross-complaint alleged that the check was executed for the purchase of a car and that it had been held at the request of Handie until Handie received the title papers to the car. The "Bank" prayed that if Johnson should have judgment against it, it should have judgment with a purchase money lien over against Handie.

Handie answered the cross-complaint of the "Bank" and by way of counterclaim alleged that Johnson, his agent, servant or employee had misrepresented the condition of the automobile and that he had failed to deliver legal title. By way of relief Handie sought damages in the amount of $3,500.

The trial court ruled that Johnson was entitled to a judgment against the "Bank" in the amount of $2,500 but that in the event the jury should grant Handie a rescission of the purchase contract between her and Johnson, then Johnson would be entitled to possession of the automobile upon restitution of $570 downpayment and the judgment against the "Bank" would be set aside. The jury found the issues in favor of Handie and from a judgment entered thereon Johnson appeals setting forth the following points for reversal, to-wit:

"POINT I. The lower court erred in not granting the appellant's motion for directed verdict and motion for judgment notwithstanding the verdict, against the appellee, Handie.

POINT II. The lower court erred in giving court's Instruction No. 16.

POINT III. The lower court erred in overruling the appellant's motion for directed verdict against the appellee, "Bank," and further erred in granting to the "Bank" the right of subrogation."

POINT I. Under this point Johnson contends that there is no substantial evidence to support the jury's finding that Jim Livingston d/b/a West Side Motor Company was his agent, servant or employee. We find no merit in this contention. The record shows that from 1962 to 1965, Johnson owned and operated a used car lot in Pine Bluff and that during part or all of that time Jim Livingston worked for him as a salesman. At the time of the occurrence herein, Johnson was a salesman for Trotter Ford, a new and used car dealer in Pine Bluff, and as such would not have been permitted to operate a used car lot while in Trotter's employment. Jim Livingston had little or no financial means and depended upon Johnson to finance the operation of West Side Motor Company. Handie purchased the automobile in question from Jim Livingston d/b/a West Side Motor Company, but when Livingston made out or filled in the check signed by Handie, he filled in Johnson's name without any mention of West Side Motor Company. However, when Livingston filled in the title papers he showed West Side Motor Company as the seller-dealer. Because West Side Motor Company did not have an automobile dealer's license, the State Motor Vehicle Division would not accept the title that Livingston had given to Handie. Sometime in August, the "Bank" received a substitute title from Hertz Rent-a-Car made out to Handie. When the "Bank" notified Handie to come in and consummate her financial arrangements for the automobile loan, she then requested that the "Bank" stop payment on the check.

Johnson testified that he only floor-planned the automobiles for Livingston for $100 on each automobile purchased and that to do that he had made financial arrangements with a Monticello bank. He stated that Livingston would go either to St. Louis or New Orleans and buy a number of automobiles. Livingston's vendor would send the titles with a sight draft to Livingston's bank who would pay for the titles, then the title would be sent to Johnson's bank at Monticello who would pay Livingston for the

titles by extending credit to Johnson. In turn Johnson's bank would release the titles when Livingston paid the amount of the floor-planning on each automobile. Johnson could not say whether he had ever seen the title to the car here involved. Livingston on the other hand testified that he would go to New Orleans and purchase a quantity of automobiles and cause sight drafts and the titles to be sent directly to Johnson's bank in Monticello. Reginald Glover, an employee of the Monticello bank testified that he only did business with Johnson and knew nothing about West Side Motor Company.

Thus when we consider that Livingston had previously worked for Johnson; that he had little or no financial means; that Livingston purchased automobiles and sent sight drafts through Johnson's bank; and that the check in question was made out to Johnson by Livingston, we find that there is substantial circumstantial evidence to support the jury's finding that Livingston was Johnson's agent.

POINT II.   As far as the record shows the first time Handie claimed the right to rescind the contract occurred after all parties had rested. Thus Johnson had no opportunity to determine whether Handie, who had the use of the automobile during the time from March through September of 1972, had properly revoked her acceptance of the delivery of the property and had no occasion to make inquiries with respect thereto. Consequently, we find that the trial court abused its discretion in considering the pleadings as amended to conform to the proof when it gave instruction No. 16. It must be remembered that the proof here admitted would also have been admissible to prove the damage issue prayed for and therefore no objection could have been sustained to the admissibility of the evidence.

POINT III.   Johnson here contends that the "Bank" should not be allowed the right of subrogation to Handie's rights against Johnson, under Ark. Stat. Ann. § 85-4-407 (Add. 1961). We need not consider the provisions of the Uniform Commercial Code with reference to subrogation because subrogation is not here involved. The record shows that Johnson at the trial conceded that his $2,500 judgment

against the "Bank" could be reduced by the amount that Handie should recover against him. Consequently, the trial court committed no error in accepting the parties' practical solution in offsetting the conflicting judgments.

Reversed and remanded.